IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS_DIVISION

| | |
|---|---|
| **ISHMAEL WHITAKER,** | : |
| Plaintiff, | : |
| v. | : No. 4:25-CV-00036-CDL-AGH |
| _Officer CURRY, *et al.*, | : |
| Defendants. | : |

## DISMISSAL ORDER

*Pro se* Plaintiff Ishmael Whitaker, an inmate in the Muscogee County Jail in Columbus, Georgia, has filed the above-captioned action under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also moved to proceed *in forma pauperis*. ECF No. 2. For the reasons discussed below, it is **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED without prejudice**.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v.*

*Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id.* (citations omitted). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than fifteen federal lawsuits (not including habeas petitions) and that at least five of his complaints that were filed while he was a prisoner or pre-trial detainee have been dismissed pursuant to 28 U.S.C. § 1915A as malicious and for failure to state a claim. *See Whitaker v. Miller*, 3:22-cv-02114-LC-HTC (N.D. Fl. June 13, 2022) (dismissed for abuse of judicial

2

process due to Plaintiff's failure to truthfully disclose litigation history);[1] *Whitaker v. Morelock,* Case No. 4:22-cv-00037-CDL-MSH (M.D. Ga. Apr. 22, 2022) (dismissed for failure to state a claim); *Whitaker v. Ferguson,* Case No. 4:21-cv-00207-CDL-MSH (M.D. Ga. Mar. 10, 2022) (dismissed for failure to state a claim); *Whitaker v. John Does,* Case No. 4:21-cv-00163-CDL-MSH (M.D. Ga. Mar. 21, 2022) (dismissed for failure to obey court orders and for failure to state a claim); *Whitaker v. Piedmont Hospital,* Case No. 4:21-cv-00151-CDL-MSH (M.D. Ga. Nov. 18, 2021) (dismissed for failure to state a claim). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id.* (citation omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted). "[G]eneralized references to

---

[1] The Eleventh Circuit has held that a dismissal for abuse of the judicial process "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007).

3

being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023).

Here, Plaintiff's claims arise from his incarceration at the Muscogee County Jail. ECF No. 1 at 5. He complains that he was unfairly placed into administrative segregation and then into a suicide watch cell on July 8, 2024 and July 9, 2024, respectively. *See id*. at 5-6 and 11-12. Plaintiff further complains about being strip searched prior to his placement in segregation and suicide watch. *Id*. Plaintiff states that on July 18, 2024 he "woke up feeling parnoid an sucidal" so he told an officer that he was in fear for his life. *Id*. at 9 and 13. Plaintiff states that after thirty minutes and shift change, he "ended up cutting [his] wrist with a piece of metal in the bathroom" and that he almost got into a fight with another inmate who told officers that Plaintiff had cut himself. *Id*. Plaintiff received medical attention and then was again strip searched and placed in a suicide watch cell where he ended up getting into another altercation with a different inmate. *Id*. at 9-10 and 13. Lastly, Plaintiff raises an unrelated claim that on July 23, 2024, a nurse refused to give Plaintiff his "Excedrin medication" to treat his headaches, bone spurs, and bad right hand. *Id*. at 10-11 and 13. Plaintiff requests "them 4 cars 1 dune buggy 1 truck outside the back of the jail and full coverage insurance for life with Liberty Mutual" as well as a million dollars in damages. *Id*. at 14.

All of Plaintiff's allegations center on events that happened in July 2024 which was five months prior to Plaintiff's filing of his complaint. *See* ECF No. 1. As stated above, complaints of past injuries are not sufficient to qualify a plaintiff for the imminent danger exception to 28 U.S.C. § 1915(g). *See Sutton*, 334 Fed. App'x at 279; *Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). Even liberally construing Plaintiff's complaint and accepting all allegations as true, Plaintiff has not alleged a present and "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Thus, Plaintiff may not proceed *in forma pauperis* and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)"). Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 6th day of February, 2025.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA